UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM CIBERE,<br>    Plaintiff<br><br>V.<br><br>THOMAS J. BELL,<br>    Defendant | )<br>)<br>)<br>)   Civil Action<br>)<br>)   No. _____<br>)<br>)<br>) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.     The Plaintiff, William Cibere, is a resident of Scituate, County of Plymouth, Commonwealth of Massachusetts.

2.     The Defendant, Thomas J. Bell, is a resident of Scituate, County of Plymouth, Commonwealth of Massachusetts.

3.     On or about January 11, 2011, the Defendant, Thomas J. Bell, was doing business within the Commonwealth of Massachusetts.

4.     On or about January 11, 2011, the Plaintiff, William Cibere, was employed by the Defendant, Thomas J. Bell.

5.     On or about January 11, 2011, the Plaintiff, William Cibere, was employed by the Defendant, Thomas J. Bell, as a seaman, and a member of the crew of the F/V MICHAEL BRANDON.

6.     On or about January 11, 2011, the Defendant, Thomas J. Bell, owned the F/V

MICHAEL BRANDON.

7.  The Defendant, Thomas J. Bell, chartered the F/V MICHAEL BRANDON from some other person or entity such that on or about January 11, 2011, the Defendant, Thomas J. Bell, was the owner pro hac vice of the F/V MICHAEL BRANDON.

8.  On or about January 11, 2011, the Defendant, Thomas J. Bell, operated the F/V MICHAEL BRANDON.

9.  On or about January 11, 2011, the Defendant, Thomas J. Bell, or the Defendant's agents, servants, and/or employees, controlled the F/V MICHAEL BRANDON.

10.  On or about January 11, 2011, the F/V MICHAEL BRANDON was in navigable waters.

11.  On or about January 11, 2011, while in the in the performance of his duties in the service of the F/V MICHAEL BRANDON, the Plaintiff, William Cibere, sustained personal injuries.

12.  Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, William Cibere, was exercising due care.

## **Jurisdiction**

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 et. seq. (formerly §688 et. seq.).

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

## COUNT I

### WILLIAM CIBERE V. THOMAS J. BELL
### (JONES ACT NEGLIGENCE)

15.     The Plaintiff, William Cibere, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.     The personal injuries sustained by the Plaintiff, William Cibere, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.     As a result of said injuries, the Plaintiff, William Cibere, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, WILLIAM CIBERE, demands judgment against the Defendant, THOMAS J. BELL, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### WILLIAM CIBERE V. THOMAS J. BELL
### (GENERAL MARITIME LAW -  UNSEAWORTHINESS)

19.     The Plaintiff, William Cibere, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, William Cibere, were due to no fault of his, but were caused by the Unseaworthiness of the F/V MICHAEL BRANDON.

21. As a result of said injuries, the Plaintiff, William Cibere, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, WILLIAM CIBERE, demands judgment against the Defendant, Thomas J. Bell, in an amount to be determined by a jury together with interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.

Respectfully submitted for
the Plaintiff, WILLIAM CIBERE,
by his attorneys,

/s/ Jonathan E. Gilzean
JONATHAN E. GILZEAN, BBO 679164
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 04-24-13