## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO.: <u>1:13-CV-11009-DJC</u>

| | |
|---|---|
| **WILLIAM CIBERE,** | ) |
| **Plaintiff/Defendant-In-Counterclaim,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THOMAS J. BELL,** | ) |
| **Defendant/Plaintiff-In-Counterclaim** | ) |
| **and Third-Party Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **STAR HARVEST TRADING LIMITED;** | ) |
| **WEST BAY SHIPPING LIMITED;** | ) |
| **and, PACIFIC BASIN** | ) |
| **SHIPPING (HK) LIMITED,** | ) |
| **Third-Party Defendants.** | ) |

### <u>THIRD-PARTY COMPLAINT</u>

The Defendant/Plaintiff-In-Counterclaim and Third-Party Plaintiff, Thomas J. Bell ("Bell"), has been served with a Complaint by William Cibere ("Cibere"), a former crewmember of Bell's fishing vessel, the F/V Michael Brandon.  The Complaint alleges that Cibere was injured on or about January 11, 2011, while in service of the vessel.  At that time and place, the F/V Michael Brandon was involved in a collision with the M/V West Bay.  Bell has interposed an Answer to Cibere's Complaint and now brings this Third-Party Complaint against the owners, operators, charterers and managers of the M/V West Bay.

### <u>PARTIES</u>

1.      The Third-Party Plaintiff is Thomas J. Bell ("Bell"), a resident of Scituate, Massachusetts, and the owner, master and operator of the fishing vessel Michael Brandon.

2.      The Third Party Defendants are: Star Harvest Trading Limited ("Star"): West Bay Shipping Limited ("West Bay Shipping"): and, Pacific Basin Shipping (HK) Limited ("Pacific Basin"), all corporations which, upon information and belief, were duly organized in or currently have principal and usual places of business in Hong Kong or the United Kingdom.

1

## FACTUAL ALLEGATIONS

3.      Star, West Bay Shipping and Pacific Basin own, manage, charter, operate or control the M/V West Bay, a 600-foot bulk carrier.

4.      The M/V West Bay and the F/V Michael Brandon collided in or near Boston Harbor on or about January 11, 2011.

5.      Cibere, a crewmember aboard the F/V Michael Brandon and the plaintiff herein, claims that he was injured as a result of the collision.

6.      Cibere has brought claims under the Jones Act and other maritime causes of action against Bell, the owner of the F/V Michael Brandon, seeking damages because of his alleged injuries.

7.      The collision was caused, wholly or in part, by the negligence of the master, officers and crew of the M/V West Bay.

8.      If Cibere suffered damages as alleged, those damages were caused by the master, officers and crew of the M/V West Bay and thus Star, West Bay Shipping and Pacific Basin are legally responsible and liable for those damages.

9.      Apart from Cibere's alleged damages claimed in his Complaint, Bell has already paid Cibere certain Maintenance and Cure benefits and has a right to be reimbursed for said payments from the party or parties at fault.

10.     Pursuant to Massachusetts General Laws, Chapter 21E, the Massachusetts Department of Environmental Protection ordered Bell to mitigate, abate, reduce, contain or otherwise clean up the release of diesel fuel from the Michael Brandon as a result of the collision.

11.     Bell expended substantial monetary amounts to comply with the state's orders.

12.     The F/V Michael Brandon was completely lost and destroyed as a result of the collision.

## COUNT ONE
## CONTRIBUTION – CIBERE'S JONES ACT AND UNSEAWORTHY CLAIMS

13.     Bell repeats the allegations contained in paragraphs one through twelve in this Third-Party Complaint.

14.     If Bell is liable to Cibere in this action, which liability is expressly denied, then and in that event, Bell asserts all of his rights of contribution against Star, West Bay

2

Shipping and Pacific Basin to the extent that their negligent or other wrongful conduct caused or contributed to Cibere's damages.

***WHEREFORE, Bell demands judgment on Count One against Star, West Bay Shipping and Pacific Basin with the costs and disbursements of this action and for all or a portion of the sums for which Bell may be adjudged liable to Cibere.***

## COUNT TWO
## INDEMNITY – CIBERE'S JONES ACT AND UNSEAWORTHY CLAIMS

15.    Bell repeats the allegations contained in paragraphs one through twelve in this Third-Party Complaint.

16.    If Bell is liable to Cibere in this action, which liability is expressly denied, then and in that event, Bell asserts all of his rights of indemnity against Star, West Bay Shipping and Pacific Basin to the extent that their negligent or other wrongful conduct caused or contributed to Cibere's damages.

***WHEREFORE, Bell demands judgment on Count Two against Star, West Bay Shipping and Pacific Basin with the costs and disbursements of this action and for all or a portion of the sums for which Bell may be adjudged liable to Cibere.***

## COUNT THREE
## CONTRIBUTION – CIBERE'S MAINTENANCE AND CURE CLAIMS

17.    Bell repeats the allegations contained in paragraphs one through twelve in this Third-Party Complaint.

18.    Bell asserts all of his rights of contribution against Star, West Bay Shipping and Pacific Basin to the extent that their negligent or other wrongful conduct caused or contributed to Cibere's maintenance and cure damages.

***WHEREFORE, Bell demands judgment on Count Three against Star, West Bay Shipping and Pacific Basin with the costs and disbursements of this action and for all or a portion of the sums for which Bell expended for maintenance or cure.***

## COUNT FOUR
## INDEMNITY – CIBERE'S MAINTENANCE AND CURE CLAIMS

19.    Bell repeats the allegations contained in paragraphs one through twelve in this Third-Party Complaint.

20.    Bell asserts all of his rights of indemnity against Star, West Bay Shipping and

Pacific Basin to the extent that their negligent or other wrongful conduct caused or contributed to Cibere's maintenance and cure damages.

***WHEREFORE, Bell demands judgment on Count Four against Star, West Bay Shipping and Pacific Basin with the costs and disbursements of this action and for all or a portion of the sums for which Bell expended for maintenance or cure.***

## COUNT FIVE
## CONTRIBUTION – FUEL RELEASE ABATEMENT

21.   Bell repeats the allegations contained in paragraphs one through twelve in this Third-Party Complaint.

22.   Bell asserts all of his rights of contribution against Star, West Bay Shipping and Pacific Basin to the extent that their negligent or other wrongful conduct caused or contributed to Bell's exposure to liability and payments in connection with any release of fuel or pollutants as a result of the collision.

***WHEREFORE, Bell demands judgment on Count Five against Star, West Bay Shipping and Pacific Basin with the costs and disbursements of this action and for all or a portion of the sums for which Bell expended as a result of environmental cleanup.***

## COUNT SIX
## INDEMNITY – FUEL RELEASE ABATEMENT

23.   Bell repeats the allegations contained in paragraphs one through twelve in this Third-Party Complaint.

24.   Bell asserts all of his rights of indemnity against Star, West Bay Shipping and Pacific Basin to the extent that their negligent or other wrongful conduct caused or contributed to Bell's exposure to liability and payments in connection with any release of fuel or pollutants as a result of the collision.

***WHEREFORE, Bell demands judgment on Count Six against Star, West Bay Shipping and Pacific Basin with the costs and disbursements of this action and for all or a portion of the sums for which Bell expended as a result of environmental cleanup.***

## COUNT SEVEN
## NEGLIGENCE – THE TOTAL LOSS OF THE F/V MICHAEL BRANDON

25.   Bell repeats the allegations contained in paragraphs one through twelve in this Third-Party Complaint.

26.  Bell asserts all of his rights against Star, West Bay Shipping and Pacific Basin to the extent that their negligent or other wrongful conduct caused or contributed to the total loss of the F/V Michael Brandon and the subsequent replacement thereof.

**WHEREFORE, Bell demands judgment on Count Seven against Star, West Bay Shipping and Pacific Basin with the costs and disbursements of this action and for all or a portion of the sums for which Bell lost or expended in connection with the property damage to his vessel.**

**THE DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM and THIRD-PARTY PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated:_____May 21, 2013_____

The Defendant/Plaintiff-In-Counterclaim
and Third-Party Plaintiff, Thomas J. Bell,
By his attorney,

/s/ Kevin F. Gillis
_____ _____
Kevin F. Gillis, Esq.
The Law Office of Kevin F. Gillis, Esq.
325 Washington Street
Westwood, MA 02090-1801
781-326-1112
781-326-1180 (fax)
kgillis@subrogationattorney.com
BBO No.:  567133

5

### *Certificate of Service*

I, Kevin F. Gillis, Esq., hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2013.

/s/ Kevin F. Gillis
Kevin F. Gillis, Esq.